<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER GRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>JERSEY CITY POLICE DEPT., et al.,<br><br>    Defendants. | Civil Action No. 11-7326 (WJM)<br><br><br>OPINION |

**APPEARANCES**:

>   CHRISTOPHER GRAHAM, #830698
>   South Woods State Prison
>   215 S. Burlington Road
>   Bridgeton, NJ  08302
>   Plaintiff *Pro Se*
>
>   JEREMY FARRELL, Corporation Counsel
>   280 Grove Street
>   Jersey City, NJ  07302
>   Attorney for Defendants

<u>**MARTINI, District Judge**</u>:

In this case, *pro se* Plaintiff Christopher Graham claims that the City of Jersey City and several individual police officers ("Defendants") violated his Fourth Amendment rights and 42 U.S.C. § 1983 by forcibly entering his dwelling, arresting him, and searching his apartment, without a warrant or probable cause. Presently before the Court is Defendants' motion for summary judgment on Graham's federal claims. (ECF No. 23.) For the reasons expressed below, and pursuant to Rule 78, this Court will deny Defendants' motion for summary judgment, but will *sua sponte* dismiss without prejudice the claims under § 1983 against the City of Jersey City.

## I.  SUMMARY JUDGMENT STANDARD

Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010). "An issue of material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zavala v. Wal Mart Stores Inc.,* 691 F.3d 527, 545 (3d Cir. 2012). The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton,* 134 S.Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)); *see also Aman v. Cort Furniture Rental Corp*., 85 F. 3d 1074, 1080-81 (3d Cir. 1996) ("[W]hen determining whether the moving party has proven the absence of a genuine material issue of fact, the facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true, and the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (citations and internal quotation marks omitted).

A motion for summary judgment must "identify[]each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). "A party moving for summary judgment must clear two hurdles to meet its initial burden. It must show that (1) there are no genuine questions of material fact and (2) the party is entitled to judgment as a

matter of law." *Howard Hess Dental Laboratories Inc. v. Dentsply International, Inc.,* 602 F.3d 237, 251 (3d Cir. 2010).  If the movant "fail[s] to show the absence of any disputed material fact . . , the District Court err[s] in granting summary judgment." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 148 (1970).  But if the moving party has met its initial burden of production, then the nonmoving party must "set out specific facts showing a genuine issue for trial."  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) (quoting Fed. R. Civ. P. 56(e)(2)).

## II. DISCUSSION

A.      Fourth Amendment Claims Against Individuals

In this case, Graham claims that, without probable cause or a warrant, Sergeant Timmins, Lieutenant Latella, Captain Delancy, Sergeant Glenn, and Officers Wall and Bove broke down the door to Graham's Jersey City apartment while he was naked in bed, handcuffed and arrested him, searched his apartment, and planted evidence which they used to charge Graham with a crime. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  "When the Government obtains information by physically intruding on persons, houses, papers, or effects, a search within the original meaning of the Fourth Amendment has undoubtedly occurred." *Florida v. Jardines*, 133 S.Ct. 1409, 1414 (2013) (citations and internal quotation marks omitted).

Although "the text of the Fourth Amendment does not specify when a search warrant must be obtained," *Kentucky v. King,* 563 U.S. __, __, 131 S.Ct. 1849, 1856 (2011), "[i]t is a 'basic

3

principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'" *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) (quoting *Payton v. New York,* 445 U.S. 573, 586 (1980)); *see also Fernandez v. California,* 134 S.Ct. 1126, 1132 (2014) ("Our cases establish that a warrant is generally required for a search of a home."); *Jardines*, 133 S.Ct. at 1414 ("At the Amendment's very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion."). "[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton,* 445 U.S. at 590.

However, "because the ultimate touchstone of the Fourth Amendment is 'reasonableness,' the warrant requirement is subject to certain exceptions." *Brigham City,* 547 U.S. at 403. "[W]arrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Id.* (citation and internal quotation marks omitted). For example, law enforcement officers may enter a home without a warrant to assist persons who are injured or threatened with injury, *see id.; Mincey v. Arizona,* 437 U.S. 385, 392 (1978), to fight a fire, *Michigan v. Tyler,* 436 U.S. 499, 509 (1978), or to prevent the imminent destruction of evidence, *Kentucky v. King,* 131 S.Ct. 1849 (2011); *Ker v. California,* 374 U.S. 23, 40 (1963) (plurality opinion).

To support their summary judgment motion in this case, Defendants rely on their brief, counsel's certification, and exhibits attached to the brief. In her certification, counsel for Defendants states: "Attached to the Motion for Summary Judgment is Exhibit A, a true copy of the Police Reports of Plaintiff's arrest on August 6, 2011 . . . These police reports are a public

record and are kept in the regular course of business by the Jersey City Police Department." (ECF No. 23-4 at 1.) Counsel further states that Plaintiff's judgment of conviction is attached to the summary judgment motion as Exhibit B.[1]  *Id.*  Notably, Defendants did not include any affidavit, certification, declaration, or deposition testimony of the police officers who entered Plaintiff's apartment and arrested him on August 7, 2011, the police officers who signed the police reports, or Carlina Caraballo, the witness whose statements are described in the police reports. Nevertheless, relying on these police reports and a Domestic Violence Procedures Manual (also attached to the summary judgment motion), the City and Officers Timmins, Latella, Delaney, Glenn, Wall and Bove argue that they are entitled to summary judgment.

The problem with Defendants' summary judgment motion is that Rule 56 expressly requires that a party moving for summary judgment must support its factual contentions in the manner mandated by Rule 56(c), and Defendants have failed to properly support their motion. *See* Fed. R. Civ. P. 56(c)(1); 11-56-Moore's Federal Practice – Civil §§ 56.40, 56.90. Rule 56(c)(1) requires a movant "asserting that a fact cannot be . . . disputed [to] support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

---

[1] The judgment of conviction indicates that Graham pled guilty to the crime of "certain persons not to have weapons." (ECF No. 24 at 32.)

and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Aronson v. Peoples Natural Gas Company,* 180 F.3d 558, 564 n.2 (3d Cir. 1999). "Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." *Smith v. City of Allentown,* 589 F.3d 684, 693 (3d Cir. 2009); *accord Damascus Bakery, Inc. v. Elwell,* Civil No. 08-1568 (WJM), 2010 WL 3359526 *5 (D.N.J. Aug. 25, 2010). And, as in this case, where a statement offered to support a summary judgment motion contains double hearsay, the movant "must demonstrate that both layers of hearsay would be admissible at trial." *Smith,* 589 F.3d at 693 (citing Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.")). While a police report may be a public record, the contents of the police report, *i.e.,* the statements made to police from a witness, are inadmissible hearsay where, as in this case, Defendants are offering the police report to establish the truth of the matters set forth in the report. *See United States v. Sallins,* 993 F.2d 344 (3d Cir. 1993); *Government of the Virgin Islands v. Krepps,* 438 F.App'x 86 (3d Cir. 2010).

Defendants have not provided an affidavit based on personal knowledge, or pointed to any other admissible evidence to support their factual contention that the police had a basis under the Fourth Amendment to enter Graham's apartment, arrest him and search his apartment, without a warrant. Defendants have, therefore, failed to carry their burden of showing the absence of a factual dispute concerning Graham's Fourth Amendment claims, and this Court must deny their summary judgment motion on that basis. *See Adickes,* 398 U.S. at 148 (holding that, if the movant "fail[s] to show the absence of any disputed material fact . . , the District Court err[s] in

granting summary judgment."); *accord Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1080-81 (3d Cir. 1996).

B.     Fourth Amendment Claim Against the City of Jersey City

Because Graham is proceeding *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court, at any time it is warranted, to dismiss a claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This Court construes Plaintiff's claim in the Complaint against the Jersey City Police Department, which is not subject to suit under § 1983,[2] to be a claim against the City of Jersey City, a municipal entity subject to suit under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). However, the City of Jersey City cannot be found liable under § 1983 simply because it employs an alleged wrongdoer. *Id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. As this Complaint does not "identify a custom or policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F. 3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not sufficiently plead a claim against the City of Jersey City. Accordingly, this Court will dismiss the federal claims against the City of Jersey City pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice.

---

[2] *See Draper v. Darby Tp. Police Dept.*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 825-26 (D.N.J. 1993).

### III.   CONCLUSION

This Court denies Defendants' motion for summary judgment and *sua sponte* dismisses the federal claims against the City of Jersey City without prejudice.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: December 15, 2014