**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER GRAHAM,** | Civ. No. 2:11-07326 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **SGT. TIMMINS,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Christopher Graham brings this 42 USC § 1983 action against several individual Jersey City police officers ("Defendants"), raising Fourth Amendment claims of false arrest and unreasonable search and seizure. This matter now comes before the Court upon Defendants' renewed, unopposed motion for summary judgment. For the below reasons, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

## I. RELEVANT BACKGROUND

The Court writes for the benefit of the parties and assumes familiarity with the underlying facts of this action as described by this Court in its December 2014 Opinion. *Graham v. Jersey City Police Dep't*, 2014 WL 7177362, at *1 (D.N.J. Dec. 16, 2014).[1]

Briefly, in his Complaint, Plaintiff alleges that individual Jersey City police officers ("Defendants") broke down his door, entered his apartment without a search warrant, brought "illegal items" into his home, and then charged him with possession of those items. ECF No. 1. He further alleges that Defendants handcuffed and arrested him while he was "naked in bed," aggravating a prior knee injury. *Id.*

---

[1] To the extent that the Court considers facts not described in the prior Opinion, because Plaintiff has failed to respond to Defendants' motion for summary judgment, the Court will adopt the facts as described in Defendants' statement of undisputed facts. ECF No. 65-1 (SUMF). *See Taylor v. Harrisburg Area Cmty. Coll.*, 579 F. App'x 90, 93 (3d Cir. 2014) (finding that district court did not err in deeming statement of facts unopposed where *pro se* Plaintiff failed to respond to summary judgment motion); *U.S. ex rel. Paranich v. Sorgnard,* 396 F.3d 326, 330 n. 5 (3d Cir. 2005) (condoning district court's adoption of movant's statement of material facts when non-movant failed to comply with Local Rule 56.1).

1

In December 2014, this Court denied Defendants' first motion for summary judgment on the grounds that Defendants had not provided an "affidavit based on personal knowledge, or pointed to any other admissible evidence to support their factual contention that the police had a basis under the Fourth Amendment to enter Graham's apartment, arrest him and search his apartment, without a warrant." *Graham v. Jersey City Police Dep't*, 2014 WL 7177362, at *3 (D.N.J. Dec. 16, 2014).

Defendants have now refiled their motion for summary judgment, this time including in their submission supporting affidavits, exhibits, and transcripts. ECF No. 65. Plaintiff does not oppose the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). "Where, as here, the [summary judgment] motion is unopposed, summary judgment may only be granted if record evidence supports the moving party's affirmative claim." *See United States v. Zarzycki*, 2011 WL 13645, at *1 (D.N.J. Jan. 4, 2011) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990)).

## III. DISCUSSION

At the outset, the Court notes that, construing the Complaint in the light most favorable to Plaintiff, Plaintiff has properly alleged Fourth Amendment claims for false arrest and unlawful search and seizure.[2] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." (citations omitted)). The Court addresses each claim in turn below.

---

[2] Plaintiff's singular statement that he was handcuffed and arrested while he was naked in bed, aggravating a prior injury, without more, is not enough to state a claim for excessive force. In any case, during his January 2014 deposition, Plaintiff confirmed that he had no injuries arising from the arrest. ECF No. 64, Ex. H (Tr.) at 55:1-7.

### A. False Arrest Claim

"The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988); *see also Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (Because a false arrest claim "hinge[s] on probable cause, the constitutional violation question … turns on whether a reasonable officer could have believed that probable cause existed to arrest the plaintiff at that time." (citations omitted)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Ordinarily, the existence of probable cause is a factual issue for the jury. *See Halsey v. Pfeiffer*, 750 F.3d 273, 300 (3d Cir. 2014). However, a court may grant summary judgment if "no genuine issue of material fact exists as to whether" there was probable cause. *Anderson v. Perez*, 2017 WL 371339, at *2 (3d Cir. Jan. 26, 2017) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

In this case, the evidence proffered by Defendants confirms that the police officers had probable cause to arrest Plaintiff as a matter of law. *Id*. Pursuant to the Domestic Violence Procedures Manual issued by the New Jersey Supreme Court and the Attorney General of the State of New Jersey, a police officer "must arrest" a domestic violence suspect if the victim exhibits signs of injury caused by an act of domestic violence, or if there is probable cause to believe that a weapon was involved in the commission of an act of domestic violence. ECF No. 65, Ex. G (Manual).

Here, Defendant Officer Dawn Wall has submitted a sworn affidavit asserting the following facts. ECF No. 65, Ex. E (Aff.). On August 7, 2011, she and Officer Giovanni Bove were dispatched to Plaintiff's home. Upon their arrival, they were met by the victim, Carina Carabello, who was visibly shaking and crying. Defendant Wall observed a red lump on Carabello's forehead. Carabello stated that she and her boyfriend (later identified as Plaintiff) got into an argument, in which Plaintiff struck her in the head with a broken towel bar. She further stated that Plaintiff pointed a gun at her as she was leaving the apartment. Carabello described the gun as a "black one with black tape on the handle," and said that it was in a plastic bag on the fire escape. She also stated that Plaintiff was inside the apartment and had a history of fighting with police officers, and had been arrested the past week for doing so. Carabello provided Defendants with keys to the apartment; however, Plaintiff had barricaded himself inside, and Defendants had to force entry in the apartment. Once inside the apartment, Officer Bove observed a black plastic bag on the fire escape with a handgun sticking out. In addition to the gun, drugs and related paraphernalia were recovered in the bag and placed into evidence. Plaintiff was arrested and placed into custody. A sworn affidavit submitted by Office Bove

asserts identical facts. *Id*., Ex. F. Plaintiff has not opposed these sworn statements.

The above evidence establishes that, at the time of Plaintiff's arrest, the facts and circumstances within Defendants' knowledge were "sufficient in themselves to warrant a reasonable person to believe that an offense had been or was being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483. Specifically, a domestic violence victim bearing visible injuries informed Defendants that Plaintiff had struck her in the head and pointed a gun at her. Under the Domestic Violence Manual, Defendants were required to arrest Plaintiff upon receiving that information. Moreover, when Defendants entered the apartment, they spotted the weapon described by Carabello in plain view. This, too, justified Plaintiff's arrest. Because no genuine issue of material fact exists as to whether there was probable cause to arrest Plaintiff, summary judgment as to Plaintiff's false arrest claim is warranted. *Anderson,* 2017 WL 371339, at *2.

### B. Unlawful Search and Seizure Claim

The Court further determines that summary judgment is warranted as to Plaintiff's unlawful search and seizure claim.

To recover damages for an illegal search and seizure, the plaintiff "must prove, *inter alia*, that the search and seizure were illegal." *Gresh v. Godshall*, 170 Fed. Appx. 217, 220 (3d Cir. 2006) (citing to *Heck v. Humphrey,* 512 U.S. 477, 487 n. 7 (1994)). A warrantless search is legal if supported by probable cause, and probable cause exists when, "viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 221 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In *Gresh*, the Third Circuit found there was probable cause to search a suspect's "car based on a named witness's statement that she had seen [him] carry electronic equipment from the burglary victims' home to his vehicle." *Id.* at 221 (citing to *Merkle v. Upper Dublin School District*, 211 F.3d 782, 790 (3rd Cir. 2000) ("knowledge of a credible report from a [single] credible eyewitness" is sufficient for probable cause)).

In the present case, the officers' uncontested affidavits establish that there was probable cause to search Plaintiff's home. When Defendants arrived at Plaintiff's apartment, Carabello, a credible witness, informed the officers that Plaintiff had pointed a gun at her as she was leaving the apartment. Carabello described the gun in detail and stated the exact location of the gun in the apartment. Once inside the apartment, Officer Bove observed the handgun in plain view. Under these circumstances, there was "a fair probability that contraband or evidence of a crime will be found in a particular place," *Gresh*, 170 Fed. Appx. at 221; indeed, the exact evidence was found in the precise location that the credible witness had identified. Accordingly, summary judgment in favor of Defendants as to this claim is warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED** and the Complaint is **DISMISSED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 25, 2017**